# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **LANCE WILLIAM PARKER** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO. 1:20-cv-00111-CLM** |
| ) | |
| **DILLARD'S INC., et al.** ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Plaintiff Lance Parker ("Parker") was arrested in a Dillard's after an off-duty police officer, working as security, detained and held Parker for stalking one of the store's employees. Parker brings a claim of false imprisonment against Defendants Dillard's Inc. and Higbee SALVA, LP d/b/a Dillard's (collectively, "Dillard's"). Dillard's has moved for summary judgment (doc. 14). As detailed within, undisputed facts show that the off-duty officer lawfully detained Parker because the officer knew about a warrant against Parker. So Dillard's is entitled to summary judgment.

## STATEMENT OF FACTS

Stephanie Cline ("Cline") was a sales associate at Dillard's. Before the events at issue, Cline had filed a complaint against Parker for second degree stalking and harassment that led police to issue a warrant for Parker's arrest. Doc. 19 at 2.

Sometime later, Cline parked outside Dillard's on her way to work. Doc. 16 at 3. Parker then drove up and "boxed" Cline's car in its parking spot. Cline called

the police. Parker fled the parking lot when he heard police sirens.[1] *Id.* But Parker came back later that day, and Cline saw Parker in Dillard's. Cline "felt scared and uncomfortable," and she told her manager that "[Parker] was stalking her and that she had a warrant out for his arrest." *Id.* at 4.

Her manager relayed this information to Johnny Sloan ("Sloan"), an off-duty police officer who was working as a security guard for Dillard's. Sloan found Parker and detained him. Viewing the facts most favorably to Parker, Sloan was not wearing a uniform but did identify himself as store security as he escorted Parker to the offices in the back of the store. Doc. 19 at 2.  Sloan held Parker in the office while he waited for on-duty officers.

Parker alleges that Sloan did not: (1) identify himself as a police officer; (2) inform Parker that he was under arrest; or (3) inform Parker of the charges/warrant against him. But Parker does not allege to have asked any of those questions either. Officers from the Oxford City Police Department came to Dillard's and picked up Parker. An Officer Butler signed the arrest report. Doc. 19 at 3. Oxford police served a warrant at the Oxford City Jail and booked Parker. Doc. 16 at 5. Parker pleaded guilty to "stalking in the 2nd degree[2]." Doc. 15-6.

---

[1] Parker does not dispute "boxing in" Ms. Cline's car and then fleeing.
[2] This court notes that Parker denies pleading guilty in his response brief (doc. 19 at 3) but the contention is refuted by the evidence. This court takes judicial notice of the dismissal of Case. No. 11-CV-2016-900392 by the Circuit Court of Calhoun County, Alabama.

**STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the court must draw all reasonable inferences in favor of the non-moving party. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000).

**ANALYSIS**

Dillard's argues that it did not falsely imprison Parker under Ala. Code § 6-5-170 for two separate reasons: (1) Parker's imprisonment was legal under Ala. Code § 15-10-3(a)(6) and (2) Parker waived his right to challenge the lawfulness of his arrest. Because the court agrees that Parker's arrest was lawful, the court does not address whether Parker waived his right to challenge the validity of the arrest.

In Alabama, "[f]alse imprisonment consists of the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty." Ala. Code § 6-5-170. "A false arrest will support a claim of false imprisonment." *Heining v. Abernathy*, 295 So.3d 1032, 1037 (quoting *Upshaw v. McArdle*, 650 So.2d 875 (Ala. 1994)).

Dillard's argues that Parker's arrest was legal under Section 15-10-3(a)(6) of the Alabama Code:

> An officer may arrest a person without a warrant, on any day and at any time in any of the following instances: when the officer has actual knowledge that a warrant for the person's arrest for the commission of a felony or misdemeanor has been issued, provided the warrant was issued in accordance with this chapter.

Parker contends that his arrest was unlawful because: (1) §15-10-3(a) only applies to on-duty police officers; and (2) Sloan did not have personal knowledge of the warrant's existence.

## I. Off-duty Police Officers Under § 15-10-3

Contrary to Parker's assertion, the Alabama Supreme Court has ruled that §15-10-3(a) applies to off-duty police officers while they serve as security for a private entity. In *Perry v. Greyhound Bus Lines*, off-duty police officers worked as security for a Greyhound bus station. 491 So.2d 926 (Ala. 1986). They observed a man committing a misdemeanor. While arresting the man, a "brief scuffle occurred." *Id.* The man sued the off-duty officers for assault and battery. *Id.* The man argued "that the arresting officers, acting as security guards for Greyhound and not as police officers … had no authority to use physical force in effecting the arrest and apprehension of [him]." *Id.* The Alabama Supreme Court held that the arrest was lawful and partially premised their holding on Ala. Code § 15-10-3. *Id.*

Parker argues that Alabama law considers Sloan an employee of Dillard's rather than an off-duty police officer. Doc. 19 at 6. He cites *Robinson v. State of Alabama*, 361 So.2d 1113 (1978), for support. But *Robinson* is irrelevant here. *Robinson* dealt with a charge for assaulting a peace officer with a deadly weapon. *Id.* at 1114. This case involves §15-10-3(a), which is a different statute with different text and purpose.

In short, §15-10-3(a) permits off-duty police officers to arrest a person while working for a private entity, under certain circumstances.

## II. "Personal Knowledge" Under § 15-10-3(a)(6)

One of those circumstances is "[w]hen the officer has actual knowledge that a warrant for the person's arrest for the commission of a felony or misdemeanor has been issued[.]" Ala. Code § 15-10-3(a)(6). Here, Cline (the stalking victim) told her manager about the warrant, and that information was relayed to Sloan before Sloan detained Parker. That knowledge brings Sloan's action under §15-10-3(a)(6). Parker makes two arguments against this straight-forward reading of the statute.

First, Parker cites *Telfare v. City of Huntsville*, 841 So. 2d 1222 (Ala. 2002), for the premise that §15-10-3 does "not allow law-enforcement officers the discretion to arrest alleged wrongdoers for misdemeanors not committed in the presence of the arresting officer." Doc. 19 at 12. But *Telfare* dealt with an arrest following a fight that the arresting officer did not witness. 841 So. 2d at 1225. Unlike

this case, there was no warrant in *Telfare*, so the arrest did not meet § 15-10-3(a)(6). So *Telfare* doesn't apply to the current situation.

Second, Parker implies that information about a warrant must come from a law enforcement agency—not from non-officers like Cline or her manager. Doc. 19 at 5. But the statute contains no such requirement; it simply says, "actual knowledge." Cline told her manager about the warrant, and that knowledge was given to Sloan. Sloan then used that knowledge to detain Parker. This court holds Sloan's "actual knowledge" was sufficient to meet §15-10-3(a)(6).

## CONCLUSION

For the reasons stated above, Dillard's motion for summary judgment (doc. 14) is due to be **GRANTED**, and Parker's claims are due to be **DISMISSED WITH PREJUDICE**. The court will enter a separate order carrying out this conclusion.

**DONE** this 7th day of January, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE